**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

In Re:

Peter W Belmont

Chapter:     13

Case No.:     5:20-bk-00407-RNO

Debtor(s)

## NOTICE

The confirmation hearing on the 1st___ Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 10/07/2020                    Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 09/30/2020_____.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 08/13/2020_____      Filed by:     Mark E. Moulton, Esq_____

_____

_____

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Peter W Belmont**

| | |
|---|---|
| CHAPTER: | 13 |
| CASE NO. | 20-bk- |

Debtor(s) . 1st

ORIGINAL PLAN
AMENDED PLAN (indicate #)

**0**     Number of Motions to Avoid Liens

**0**     Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | X Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $ 350.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 26,965.00 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/20 | 09/20 | 50.00 | -0- | 50.00 | 350 |
| 10/20 | 05/21 | 250 | -0- | 250 | 2,000.00 |
| 06/21 | 02/25 | 547.00 | -0- | 547.00 | 24,615.00 |
| | | | | Total Payments: | 26,965.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*
   ☑ Debtor is at or under median income.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines:*

   X   No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

   ☐   Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the

2

property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

   ☑   None.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

   ☐   None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*

   X   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Deutsche Bank | 1051 Deer Valley Rd Lake Ariel | 1686 |
| WLE POA | 1051 Deer Valley Rd Lake Ariel | 3292 |

### C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check One:*

   ☐   None.
   *If this is checked, the rest of § 2.C need not be completed or reproduced.*

   X   The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

3

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Deutsche Bank | 1051 Deer Valley Rd Lake Ariel | 17,0368.99 | 3,143.60 | 20,182.59 |
| WLE POA | 1051 Deer Valley Rd Lake Ariel | 2,299.17 | -0- | 2,299.17 |

    **D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

        ☑ None.

    **E.** **Secured claims for which a § 506 valuation is applicable.** *Check One:*

        ☑ None.

    **F.** **Surrender of Collateral.** *Check One:*

        ☑ None.

    **G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens.* *Check One:*

        ☑ None.

**3. PRIORITY CLAIMS.**

    **A.** **Administrative Claims**

    1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. **Attorney's fees.** Complete only one of the following options:

        a. In addition to the retainer of $ 1,200.00 already paid by the Debtor, the amount of $ 2,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

        ☑ None.

4

---

    **B.** **Priority Claims (including certain Domestic Support Obligations).**

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| XXXXXXXXXXXXXXXXXXXXXXXX | XXXXXXXXXXXXXXXXXXXXXX |

    *C.* **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

        ☑ None.

**4. UNSECURED CLAIMS.**

    **A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

        ☑ None.

    **B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☑ None.

**6. VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    X plan confirmation.

    ☐ entry of discharge.

    ☐ closing of case.

**7. DISCHARGE:** *(Check one)*

    X The debtor will seek a discharge pursuant to § 1328(a).

    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

    Level 1: Enter text here

    Level 2: Enter text here

5

---

    Level 3: Enter text here

    Level 4: Enter text here

    Level 5: Enter text here

    Level 6: Enter text here

    Level 7: Enter text here

    Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: August 13, 2020          s/Mark E. Moulton
                              Attorney for Debtor

                              s/Peter W. Belmont
                              Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PETER W BELMONT | CASE NO: 20-0407 RNO |
| | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 8/14/2020, I did cause a copy of the following documents, described below,

Belmont Plan 1 BW w Notice sm

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/14/2020

/s/ Mark E. Moulton, Esq
Mark E. Moulton, Esq  89064
Moulton & Moulton, PC
693 Route 739 #1
Hawley, PA  18428
570 775 9525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: PETER W BELMONT

CASE NO: 20-0407 RNO

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 8/14/2020, a copy of the following documents, described below,

Belmont Plan 1 BW w Notice sm

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/14/2020

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton, Esq
Moulton & Moulton, PC
693 Route 739 #1
Hawley, PA  18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
03145
CASE 5-20-BK-00407-RNO
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE
THU AUG 13 17-05-20 EDT 2020

DEBTOR

PETER W BELMONT
1051 DEER VALLEY RD
LAKE ARIEL PA 18436-8046

CHARLES J DEHART III TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

DEUTSCHE BANK
8742 LUCENT BLVD STE 300
HIGHLANDS RANCH CO 80129-2386

DEUTSCHE BANK NATIONAL TRUST CO
TRUSTEE SE
CO SPECIALIZED LOAN SERVICING LLC
8742 LUCENT BLVD SUITE 300
HIGHLANDS RANCH COLORADO 80129-2386

MARK E MOULTON
MOULTON AND MOULTON PC
693 STATE ROUTE 739 SUITE 1
LORDS VALLEY PA 18428-6083

PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

PENNSYLVANIA DEPARTMENT OF REVENUE
BANKRUPTCY DIVISION
PO BOX 280946
HARRISBURG PA 17128-0946

PHELAN HALLINAN DIAMOND  JONES
1617 JFK BOULEVARD STE 1400
ONE PENN CENTER PLAZA
PHILADELPHIA PA 19103

PINNACLE CREDIT SERVICES LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

D TROY SELLARS
OFFICE OF THE UNITED STATES TRUSTEE
228 WALNUT ST
SUITE 1190
HARRISBURG PA 17101-1722

SYNCHRONY BANK
CO PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

EXCLUDE

UNITED STATES TRUSTEE
228 WALNUT STREET SUITE 1190
HARRISBURG PA 17101-1722

VERIZON
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 4457
HOUSTON TX 77210-4457

WALLENPAUPACK LAKE ESTATES
1005 WALLENPAUPACK DRIVE
LAKE ARIEL PA 18436-8138

JAMES WARMBRODT
701 MARKET STREET SUITE 5000
PHILADEPHIA PA 19106-1541